IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION<br><br>JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,<br><br>  Plaintiffs,<br><br>  v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS,<br><br>  Defendants. | No. 06-MC-00489<br>Judge Collen Kollar-Kotelly<br><br>No. 05 C 4681 (N.D. Ill.)<br>Judge Ronald A. Guzman<br>Magistrate Michael T. Mason |

## PLAINTIFFS' OPPOSITION
## TO CITADEL INVESTMENT GROUP, L.L.C.'S MOTION TO QUASH

Plaintiffs respectfully submit this opposition to the motion of Citadel Investment Group, L.L.C.'s ("Citadel") to quash plaintiffs' September 5, 2006, subpoena served upon the Commodity Futures Trading Commission (the "CFTC").

Citadel lacks standing to object to the relevance of plaintiffs September 5, 2006 subpoena to the CFTC (the "CFTC subpoena"). See Pt. I *infra*. Similarly, Citadel lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance obligations under the Commodity Exchange Act ("CEA*). Id.*

More fundamentally, Citadel's motion to quash the subpoena should be stayed pending the outcome of negotiations between plaintiffs and the CFTC on the scope of the subpoena. Plaintiffs have tentatively agreed that the CFTC may limit the subpoena to underlying

transaction, price and other fact data for the June 2005 U.S. Ten Year Treasury Note futures contracts (the "June 2005 contract") from March 1 through June 30, 2005, as well as documents reflecting conversations with defendants and their representatives. The foregoing material is highly relevant to numerous issues within plaintiffs' claims of manipulation. See Pt. II *infra*.

The Commissioners at the CFTC have not seen this proposed agreement and plaintiffs have not finalized their negotiation with the attorneys at the CFTC with whom plaintiffs have been having discussions. Nonetheless, plaintiffs understand that the CFTC is going to file a similar document requesting that activity on this motion to quash be stayed pending the CFTC's determination of its response to the subpoena.

Contrary to Citadel's claim that plaintiffs are trying to evade the jurisdiction of the Northern District of Illinois where the action is pending, plaintiffs originally issued the subpoena out of that Court. Only after objections from the CFTC and insistence by the CFTC that plaintiffs issue the subpoena out of this Court, did plaintiffs reluctantly decide to go to the expense and difficulty of issuing a subpoena here.[1] Some of the very same documents covered by plaintiffs' subpoenas have either been provided by subpoenaed non-parties in the Northern District of Illinois or are the subject of pending motions there. Thus, it is the insistence of the CFTC attorneys, not the preference (let alone end-run) of the plaintiffs, that brought this subpoena and any motions to quash same to this District.

---

[1] Also contrary to Citadel's argument, the September 11, 2006 ruling by Judge Magistrate Mason in the Northern District of Illinois is wholly irrelevant to plaintiffs' subpoena to the CFTC. Such ruling concerned a subpoena to a brokerage firm for the brokerage records of its customers. The brokerage firm owed a fiduciary duty to seek to maintain the confidentiality of such records. The sole relevance raised by plaintiffs was their supposition that that brokerage firm's customers had joined the manipulation. Such supposition is not offered as any of the five aspects of relevance for the documents sought here. See Pt. II  *infra*.

Although Citadel concedes that is has no privilege, Citadel raises trade secret concerns. Assuming *arguendo* that statutorily required reporting constitutes a trade secret, production will be subject to a protective order. Moreover, it will be further limited to experts' and attorneys' eyes only. Thus, competitors of Citadel will not see the miniscule portion of the data relating to Citadel.

Accordingly, plaintiffs respectfully request that this Court deny or stay Citadel's motion to quash plaintiffs' subpoena issued to the CFTC.

## STATEMENT OF FACTS

Plaintiffs allege that the Pacific Investment Management Company ("PIMCO") defendants manipulated and aided and abetted the manipulation of prices of June 2005 Contract on the Chicago Board of Trade (the "CBOT"), and the cheapest-to-deliver U.S. Treasury Note underlying the June 2005 contract (the "February 2012 note"), in violation of Sections 9(a), 22(a) and 22(a)(1) of the CEA, 7 U.S.C. §§ 13(a), 25(a), and 25(a)(1).

On September 5, 2006 plaintiffs issued a subpoena to the CFTC requesting information relating, among other things, to the prices, trades and positions in the June 2005 contract and the February 2012 note, and conversations about such instruments during and before the time that the June 2005 Contract prices were allegedly manipulated.

## ARGUMENT

The Court should deny Citadel's motion to quash the CFTC subpoena because: (1) Citadel lacks standing to object to the relevance of the CFTC subpoena and lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance responsibilities under the CEA; and (2) the requested material is highly relevant to numerous issues within plaintiffs'

claims of manipulation, and production would be subject to a protective order and, further, limited to attorneys' and experts' eyes only.

I.     **Citadel Does Not Have Standing to Object to the Relevance of the CFTC Subpoena Nor Does It Have the Authority to Object to the Subpoena on the Grounds of the CFTC's Market Surveillance Responsibilities Under the CEA**

First, Citadel lacks standing to object to the subpoena on the grounds of relevance. Citadel cites *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329 (N.D. Cal. 1995) as support for the proposition that it has standing to object to the relevance of the CFTC subpoena. Citadel Motion pp. 3-4. However, the facts of *Compaq* are clearly distinguishable from the facts at issue before this Court.

The subpoenas at issue in *Compaq* were directed at the non-parties seeking to quash the subpoenas. *Compaq*, 163 F.R.D. at 333. In the instant case, Citadel is attempting to quash plaintiffs' subpoena directed to the CFTC. Thus, the court's holding in *Compaq* that a non-party has standing to assert the subpoenaed information is irrelevant, is only applicable in cases where the subpoena seeking to be quashed was directed at the party objecting to the relevance of the subpoena. Id. at 335-336. Thus, as a threshold matter, Citadel has failed to establish that it has the requisite standing to challenge the CFTC subpoena on the grounds of relevance.[2]

Moreover, even if Citadel did have standing to object to the relevance of the CFTC subpoena, when relevance is in doubt, the Court should be "permissive.*"* *See Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed.Cir. 1987) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another

---

[2] *See* Citadel Motion pp. 3-4. Citadel also cites to *Moore's Federal Practice* § 45.03[3] (3d Ed. 2006) for support that it has standing to object to the relevance of the CFTC subpoena. However, the quoted language makes no mention of relevancy as a ground that may entitle a third person to quash a subpoena.

4

district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder'. Where relevance is in doubt . . . the court should be permissive.").

Second, Citadel lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance obligations under the CEA. Citadel Motion pp. 4-5. Unlike the CFTC, Citadel has no market surveillance obligations under the CEA and thus no authority to object to the subpoena on these grounds. Potential objections on these grounds must be raised by the CFTC, not Citadel. Thus, despite Citadel's claims to the contrary, it should make an important difference to the Court's analysis that plaintiffs' requests in the CFTC subpoena are directed at the CFTC and not Citadel. Citadel Motion p. 4. Accordingly, to the extent Citadel's attempts to assert purported CFTC claims on its own behalf, the Court should ignore Citadel's arguments.

II. **The Information Requested in the CFTC Subpoena is Highly Relevant to Numerous Issues Within Plaintiffs' Claims of Manipulation, And Its Production is Protected by a Protective Order And Will Be Further Limited To Attorneys And Experts**

The circumstances for enforcing subpoenas similar to plaintiffs' subpoena have been developed in various case, including the following four cases.

In *Friedman v. Bache Halsey Stuart Shields Inc.,* 738 F.2d 1336 (D.C.Cir. 1984), the Court held that the CFTC had failed to demonstrate that it was entitled to any privilege even though the CFTC was in fact engaged in a five year long investigation that resulted in a complaint that various parties had manipulated silver futures contracts, *See In re Nelson Bunker Hunt,* CFTC Docket No. 85-12 (1985). It is unclear that any CFTC investigation is on-going here. If not, there is no investigative privilege.

In *Ross v. Bolton*, 106 F.R.D. 22, 24 (S.D.N.Y. 1985), the NASD was ordered to produce documents in its possession reflecting the underlying data and facts. But the NASD did not have

5

to produce the deposition transcripts that its investigators had created nor its own analyses of the underlying facts and data. Here, the underlying data does not reflect any analysis by the CFTC, and does not represent any work product of CFTC investigators in conducting depositions, etc.

In *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 176 (2d Cir. 1979), the CFTC was ordered to answer questions at deposition for discovery purposes with their admissibility in the public record reserved for trial. As here, a confidentiality order governing discovery was in effect.

In *Apex Oil Company v. DiMauro*, 110 F.R.D. 490 (S.D.N.Y 1985), the documents sought were the files of a commodity exchange's internal investigation, not underlying transaction data. The only asserted relevance was to impeach the accuracy of other statements. *Apex Oil*, 110 F.R.D. 490, 497. Therefore, unlike here, a strong showing of investigative privilege was clearly established. Also unlike here, the need for "credibility checking" (rather than the extensive relevancy purposes established here) was not compelling.

In its motion, Citadel argues that the information plaintiffs seek concerning market participants in the CFTC subpoena is irrelevant to plaintiffs' claims. See Citadel Motion passim.

Information concerning large market participants and their positions is highly relevant to issues in class actions alleging manipulation. *See Frey v. Commodity Futures Trading Commission*, 931 F.2d 1171, 1175 (the role of market participants is of great significance in manipulation analysis). Preventing manipulation is the *raison d'etre* for the CEA. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980), aff'd 102 S.Ct. 1825 (1982). Private litigation is a valuable supplement in enforcing the CEA, and further preventing and redressing manipulations. *Leist v. Simplot* at 321.

Here, the particular information sought is relevant in numerous ways. First, these documents will greatly assist in the identification of class members and the required sending of the class notice to class members. Second, these documents will aid plaintiffs' experts in the development and preparation of class-wide damage models. Third, the documents will help plaintiffs' experts prove the existence of manipulation by determining the concentration of the large traders within the market, changes in large trader market positions, times of trades, and many other matters relevant to proof of manipulation. Fourth, the documents will reflect communications, representations and statements to regulators by defendants and their representatives. Fifth, the information will provide prices and pricing data that is very relevant to plaintiffs' claims.

There is no mention of Citadel in almost all of the requested documents. Under plaintiffs' potential compromise with the CFTC, there will be no production of notes of Citadel's conversations with the CFTC (if any). Although an extremely miniscule portion of the documents will reflect Citadel's positions, there is, as Citadel itself points out, a protective order in place in this litigation. *See Friedman v. Bache Halsey Stuart Shields Inc.,* 738 F.2d 1336 (D.C.Cir. 1984) ("The courts can limit, and in actual practice do limit, the persons having access to information, their freedom to discuss the information to which they are given access, and the uses to which the information may be put. No great outcry has arisen that information thus restricted has been leaked, or put to improper uses, by attorneys who are sworn officers of the court.")

Finally, Citadel concedes that it has no privilege here. Although it claims trade secrets,

review of the CFTC documents will be limited to attorneys and experts, and the attorneys and experts are not competitors of Citadel. Therefore, the extremely miniscule portion of the production that relates to Citadel should be produced.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court deny Citadel's motion to quash the CFTC subpoena or stay consideration of same.

Respectfully submitted,

PLAINTIFFS BREAKWATER TRADING LLC, and RICHARD HERSHEY,

Dated: November 20, 2006

    /s/ Benjamin J. Weir
Benjamin J. Weir (D.D.C. 494045)
**FINKELSTEIN, THOMPSON & LOUGHRAN**
1050 30th St., NW
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
*Lead Counsel for Plaintiffs*

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER FAUCHER and CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880

Facsimile: (312) 782–4485
*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Benjamin J. Weir, an attorney, hereby certify that on November 20, 2006, service of the **Plaintiffs' Opposition to Citadel Investment Group L.L.C.'s Motion to Quash** was accomplished pursuant to ECF as to Filing Users and served upon any Non-Filing Users by Electronic Mail or Facsimile.

William J. Nissen
Eric J. Grush
Jennifer Tan
**SIDLEY AUSTIN LLP**
One Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: wnissen@sidely.com; egrush@sidley.com; jtan@sidley.com

*Counsel for Defendant*
*Pacific Investment Management Company LLC*

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATES, LTD.**
One East Wacker Drive
Suite 1208
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: nap@hannafanlaw.com; bth@hannanfanlaw.com

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543
Telephone: (609) 620-3226
Facsimile: (609) 620-3259
E-mail: david.kotler@dechert.com

*Counsel for Defendant PIMCO Funds*

Kevin King
**WINSTON & STRAWN LLP**
1700 K Steet, N.W.
Washington, D.C. 20006
Telephone:  (202) 282-5749
Facsimile:  (202) 282-5100
E-mail:  kking@winston.com

*Counsel for Citadel Investment Group, L.L.C.*

Glen Mays
Gloria P. Clement
**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5120
Facsimile:  (202) 418-5524

*Counsel for U.S. Commodity Futures Trading Commission*

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: mmiller@millerfaucher.com; afata@millerfaucher.com

*Designated Local Counsel for Plaintiffs*

Geoffrey Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-mail: ghorn@ldbs.com; vbriganti@ldbs.com

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue

New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-mail: lburke@lfblaw.com

*Counsel for other Plaintiffs*

                                                  /s/ Benjamin J. Weir
                                                  Benjamin J. Weir

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITIES FUTURES TRADING COMMISSION | )<br>)<br>)<br>) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 06-MC-00489<br>Judge Collen Kollar-Kotelly |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Citadel Investment Group, L.L.C.'s Motion to Quash in the above captioned matter, Plaintiffs' Opposition to Citadel's Motion to Quash, the record herein, and for good cause shown, it is hereby

ORDERED that Citadel's Motion to Quash the subpoena served on the United States Commodities Futures Trading Commission by Plaintiffs in <u>Hershey, et al. v. Pacific Investment Management Company LLC, et al.</u>, No. 05 C 4681 (N.D. Ill.) is DENIED.

ENTERED this _____ day of November _____, 2006.

_____
Judge Collen Kollar-Kotelly
United States District Court Judge