IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE SUBPOENA TO THE COMMODITY FUTURES TRADING COMMISSION | ) ) ) ) | No. 06-MC-00489 (CKK) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, AND RICHARD HERSHEY, Plaintiffs, v. PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, AND JOHN DOES 1-100, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 05 C 4681 (N.D. Ill.) Judge Ronald A. Guzman Magistrate Michael T. Mason |

**REPLY IN SUPPORT OF RONIN CAPITAL, LLC'S MOTION TO QUASH**

Non-party Ronin Capital, LLC ("Ronin") submits this Reply in support of its Motion to Quash the September 5, 2006 document subpoena issued by Josef A. Kohen, Breakwater Trading, LLC and Richard Hershey ("Plaintiffs") to the Commodity Futures Trading Commission (the "Commission") in the above-captioned case to the extent that it seeks documents and information relating to Ronin. Plaintiffs and the Commission have requested that these proceedings be stayed until December 13, 2006, pending the outcome of negotiations between them with respect to narrowing the scope of documents and information requested in the Subpoena. Ronin does not oppose such a stay. However, Ronin continues to object to any production of documents or information identifying its market positions and/or trading strategies, which constitute Ronin's proprietary and confidential commercial information.

In their Opposition to Citadel Investment Group, LLC's ("Citadel") Motion to Quash (which Plaintiffs incorporate by reference in their Opposition to Ronin's Motion), Plaintiffs assert that non-parties' confidential information produced by the Commission will be "limited to experts' and attorneys' eyes only." Yet Plaintiffs do not state where any binding agreement or provision for such a limitation on the use of documents produced in their case against the PIMCO defendants may be found. Nor do they explain who would be responsible for ensuring that the disclosure of Ronin's proprietary and confidential commercial information is confined to expert witnesses and attorneys.

Significantly, the Protective Order in Plaintiffs' case against the PIMCO defendants (Exhibit A hereto) contains no provision for designating documents on an "attorneys' eyes only" basis. The Protective Order only provides for designating discovery materials as "Confidential" and states that "Confidential" materials may be disclosed to, *inter alia*, Plaintiffs and their officers, directors and employees. Exhibit A, ¶ 2(d). Accordingly, even if the Commission were to designate Ronin's confidential information as "Confidential" under the Protective Order, nothing would prevent the disclosure of such information to Plaintiffs and the PIMCO defendants, who are Ronin's competitors in the markets at issue.

Furthermore, the Subpoena plainly was not designed to help Plaintiffs identify class members, as Plaintiffs assert. The proposed class consists of: "All persons [other than the defendants and their affiliates] who purchased, between May 13, 2005 and June 30, 2005 … a June 10-year Treasury Note futures contract in order to liquidate a short position, or who delivered on the June 2005 futures contract in order [to] satisfy a short position."[1] The Subpoena, on the other hand, seeks confidential commercial information of all market participants that held 2,000 or more of any 10-Year Treasury Note futures contract on any given

---

[1] Corrected Consolidated Amended Class Action Complaint, dated December 29, 2005, at ¶ 94.

day (*i.e.,* "large traders") from January through September 2005, whether or not they are members of the proposed class. The Subpoena seeks no information about market participants who fall within the class definition but who were not "large traders." Thus, if and when Plaintiffs need to send any notice to class members, they obviously will have to take other steps appropriately designed to identify market participants who were short one or more June 2005 10-Year Treasury Note futures contracts between May 13, 2005 and June 30, 2005.

For these reasons, and for the reasons stated in Citadel's Reply to Plaintiff's Opposition to Citadel's Motion to Quash (which was filed in this matter on November 28, 2006), Ronin's Motion to Quash should be granted.

DATED: December 1, 2006 　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ David S. Krakoff_____
　　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Non-Party
　　　　　　　　　　　　　　　　　　　　　　　　Ronin Capital, LLC


David S. Krakoff (D.C. Bar No. 229641)
MAYER, BROWN, ROWE & MAW, LLP
1909 K Street, N.W.
Washington, DC  20006-1101
(202) 263-3000

Marshall E. Hanbury
Lisa A. Dunsky
MAYER, BROWN, ROWE & MAW, LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600

## **CERTIFICATE OF SERVICE**

I, David S. Krakoff, herby certify that on December 1, 2006, I caused a copy of Ronin Capital, LLC's Motion to Quash to be served via courier on:

| | |
|---|---|
| Marvin A. Miller<br>Jennifer W. Sprengel<br>Anthony F. Fata<br>Miller Faucher and Cafferty LLP<br>30 North LaSalle Street<br>Chicago, IL  60602 | William J. Nissen<br>Eric J. Grush<br>Sidley Austin LLP<br>One Dearborn Street<br>Chicago, IL  60603 |
| Christopher Lovell<br>Gary S. Jacobson<br>Merrick S. Rayle<br>Craig Essenmacher<br>Lovell, Steward, Halebian LLP<br>500 Fifth Avenue<br>New York, New York  10110 | Michael T. Hannafan<br>Michael T. Hannafan & Associates, Ltd.<br>One East Wacker Drive<br>Suite 1208<br>Chicago, IL  60601 |
| Geoffrey M. Horn<br>Vince Briganti<br>Lowey Dannenberg Bemporad<br>   & Selinger, P.C.<br>One North Lexington Avenue<br>11th Floor<br>White Plains, New York  10601 | David Kotler<br>Dechert LLP<br>Princeton Pike Corporate Center<br>997 Lenox Drive<br>Building 3, Suite 210<br>Lawrenceville, NJ  08648 |
| Louis F. Burke<br>Louis F. Burke, P.C.<br>460 Park Avenue<br>New York, New York  10022 | William M. Sullivan, Jr.<br>Kevin M. King<br>Winston & Strawn LLP<br>1700 K. Street, N.W.<br>Washington, DC  20006 |
| | Gloria P. Clement<br>Commodity Futures Trading Commission<br>Three Lafayette Centre<br>1155 21st Street, N.W.<br>Washington, D.C.  20581 |

                                                 /s/ David S. Krakoff   
                                              David S. Krakoff

# EXHIBIT A

AC

IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>)<br>)<br>PACIFIC INVESTMENT MANAGEMENT  )<br>COMPANY LLC, PIMCO FUNDS, and  )<br>JOHN DOES 1-100,  )<br>)<br>Defendants.  )<br>)<br>)  | No. 05 C 4681<br><br>Hon. Ronald A. Guzman |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the above-captioned case by the plaintiffs, Josef A. Kohen, Breakwater Trading LLC and Richard Hershey (collectively, "Plaintiffs"), against the defendants Pacific Investment Management Company LLC, Pimco Funds, and John Does 1-100 (collectively, "Defendants") concerns various claims relating to alleged violations of certain provisions of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* ("CEA");

WHEREAS, for purposes of this Stipulation and [Proposed] Protective Order ("Stipulation and Protective Order"), the term "Party" or "Parties" shall include any party to this case;

WHEREAS, this action will involve the production of documents, writings, drawings, graphs, charts, photographs, phonographic records, data, materials, depositions, electronic or computerized compilations, or other testimony, deposition exhibits, interrogatory responses, responses to requests for admissions, and/or other information (collectively "Information") by

the Plaintiffs, Defendants, and Third Parties (herein individually referred to as "Producing Party" or collectively referred to as "Producing Parties");

WHEREAS, it is anticipated that among the Information which will be produced by the Producing Parties, there will be confidential, proprietary, commercially sensitive, or trade secret information; and

WHEREAS, the Parties believe that the entry of an order limiting the use of confidential, proprietary, commercially sensitive, or trade-secret information will facilitate the production of Information from the Producing Parties.

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by the Parties, by and through their respective counsel, that in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, a protective order should be entered pursuant to the following terms and provisions:

1. This Stipulation and Protective Order shall govern all Information produced by any Producing Party in connection with this action.

2. Any Information that contains or comprises any trade secret or other confidential research, development or commercial information pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, and that is produced by a Producing Party in connection with this action, may be designated by the Producing Party as "Confidential" by marking or designating the Information provided in paragraphs 3, 4 and 5 of this Stipulation and Protective Order. Except as provided below, once Information has been designated as "Confidential" it shall be used only for the purposes of this action, shall not be used for any business, proprietary, or commercial purpose, and shall not be disclosed to anyone except for the following, for use in connection with this action only:

  a. The Parties' outside counsel of record, including employees of such counsel to whom it is necessary that the Information be disclosed for purposes of these or related actions or proceedings;

  b. The Parties' inside counsel of record, including employees of such counsel to whom it is necessary that the Information be disclosed for purposes of these or related actions or proceedings;

  c. The Parties (if natural persons), or officers, directors, and employees of the Parties (whether or not natural persons), but only for purposes of these or related actions or proceedings;

  d. Persons employed by any Party or its counsel solely for the purpose of assisting in the preparation of these or related actions or proceedings for trial, including but not limited to experts, consultants, staff and support personnel to whom it is necessary that the Information be disclosed for purposes of assisting in such preparation;

  e. Persons who were authors or recipients of the Information in the ordinary course of business;

  f. The Court or persons employed by the Court;

  g. Court reporters and other stenographic or recording personnel in connection with this action; and

  h. Witnesses in the course of depositions, trial, or other testimony in this action.

  3. A Producing Party may designate Information as "Confidential" when the Producing Party's counsel in good faith believes, under existing law or a reasonable extension of existing law, that the Producing Party has a cognizable interest in the material (*i.e.*, the material

3

constitutes or reveals a trade secret, privileged information, other confidential research, development, or commercial information, or is otherwise protected by law from disclosure) such that the material should not be publicly disclosed. For the purposes of this Stipulation and Protective Order, Information that is in the public domain or has been obtained by the Producing Party from non-confidential sources shall not be considered "Confidential." Any Confidential Information shall be designated by a Producing Party by so identifying each page of the material with the word "Confidential." Pages of deposition transcripts containing Confidential Information shall be identified in the same manner.

4. With respect to testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" within thirty (30) days after receipt of the transcript. Until the thirty-day period has expired, the entire transcript shall be treated as constituting Confidential Information. In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered Confidential and subject to the provisions of this Order.

5. In designating any Information as "Confidential" a Producing Party and its counsel are obligated to act in good faith and consistent with Rule 26(c) of the Federal Rules of Civil Procedure. Any designation of Information as "Confidential" may be withdrawn by a Producing Party by providing written notice to the Parties.

6. Each person given access to Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than in accordance with this Stipulation and Protective

Order. Prior to the disclosure of any Confidential Information to the persons identified in 2(d), each person shall first:

    a.    read this Stipulation and Protective Order; and

    b.    sign a written acknowledgment substantially in the form of Exhibit A annexed hereto, thereby becoming subject to this Stipulation and Protective Order.

The executed written acknowledgment shall be filed with the attorneys of record for each party employing them, who shall retain all such agreements until further order of the Court.

    7.    If a Party wishes to make a submission to the Court that includes Confidential Information, the Party desiring to file the Confidential Information must first seek the Court's permission to file the Confidential Information under seal by filing a motion with the Court with notice to the Producing Party. A Party receiving Confidential Information will not file Information that has been designated as Confidential unless it is filed under seal, the parties have agreed that it should not be designated as Confidential, or the Court orders that the material is not Confidential and shall not be filed under seal. If the Court denies permission to file particular Confidential Information under seal, the Party seeking to file the Information shall not be precluded from filing the Confidential Information with the Court. If the Court grants permission to file Confidential Information under seal, the Parties (individually or collectively) may seek the return of the sealed documents by motion filed after the case is closed.

    8.    Except with the prior written consent of a Producing Party or prior order of the Court obtained upon noticed motion, Information designated as "Confidential" shall be used solely for the purpose of litigating the above-captioned action. Confidential Information shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified to receive such Information under the terms of this Stipulation and Protective Order.

9. The Receiving Party may object to the designation of particular information as Confidential Information by giving written notice to the Producing Party. If the objection is not resolved after the Receiving Party confers with the Producing Party, then either party may file a motion to resolve the dispute. Pending the Court's decision on such motion, the information which is the subject of the motion shall be treated as Confidential Information.

10. The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the Information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

11. The parties shall confer and attempt to agree before any trial or other hearing (whether the hearing is an evidentiary hearing or non-evidentiary hearing) on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. If the parties are unable to reach agreement before trial or hearing, then, at the beginning of the trial or hearing, the parties shall present to the Court their respective positions concerning the procedures for the introduction or use of Confidential Information, and shall ask the Court to enter an order governing such introduction or use.

12. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the Information has been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the Producing Party (if the Producing Party so requests within fifteen (15) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however that each party may retain a complete file of all litigation

documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes Information designated as "Confidential" will be destroyed.

13. Any dispute concerning the application of this Stipulation and Protective Order shall be heard by the Court upon motion. The provisions of this Order may be modified at any time by stipulation of all Parties and any interested nonparty with the approval of the Court. In addition, a Party or nonparty may at any time apply to the Court for modification of this Order pursuant to a regularly-noticed motion.

SO ORDERED:

*[signature]*
The Honorable Ronald A. Guzman, U.S.D.J.

Dated: 4/3/06

## EXHIBIT A

AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

I have received and read a copy of the Stipulation and Protective Order filed in *Josef A. Kohen, Breakwater Trading LLC, and Richard Hershey v. Pacific Investment Management Company LLC, PIMCO Funds, and John Does 1-100* (No. 05 C 4681 (Hon. Ronald A. Guzman)). I understand the provisions of the Stipulation and Protective Order, and agree to comply with, and to be bound by its provisions. I agree that my use of any "Confidential" Information obtained through this proceeding will be limited to my involvement in this proceeding. I agree to protect all Confidential Information in my possession and maintain it in a secure place. I hereby agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois and understand that the Court may impose sanctions on me personally and/or on my employer for any violation of the Stipulation and Protective Order.

Date _____    _____
                                         Name (type or print)


                                         _____
                                         Signature