IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION | ) ) ) |
| | ) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | )     No. 06-MC-00489 |
| | )     Judge Collen Kollar-Kotelly |
| v. | ) |
| | )     No. 05 C 4681 (N.D. Ill.) |
| | )     Judge Ronald A. Guzman |
| | )     Magistrate Michael T. Mason |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' RESPONSE TO LEHMAN BROTHERS INC.'S
OBJECTIONS TO PLAINTIFFS' SUBPOENA
TO THE UNITED STATES COMMODITY FUTURES TRADING COMMISSION**

Plaintiffs respectfully submit this response to Lehman Brothers Inc. ("Lehman") objections to plaintiffs' September 5, 2006, subpoena served upon the Commodity Futures Trading Commission (the "CFTC").

Plaintiffs respectfully request, for all the same reasons set forth in Plaintiffs' Opposition to Citadel Investment Group, L.L.C.'s Motion to Quash, that this Court overrule Lehman's objections to plaintiffs' subpoena issued to the CFTC.  See Exhibit A.

Alternatively, plaintiffs respectfully request that this Court stay consideration of Lehman's objections pending the outcome of negotiations between plaintiffs and the CFTC on the scope of the subpoena.  As a result of these negotiations, the CFTC has

subsequently made a motion to the Court for temporary stay of proceedings until

December 13, 2006.  See Exhibit B.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court overrule

Lehman Brothers Inc.'s objections the CFTC subpoena or stay consideration of same.

Respectfully submitted,

PLAINTIFFS
BREAKWATER TRADING
LLC, and RICHARD
HERSHEY,

Dated:  December 1, 2006                     _____/s/ Benjamin J. Weir_____
Benjamin J. Weir (D.D.C. 494045)
**FINKLESTEIN, THOMPSON
& LOUGHRAN**
1050 30th Street, NW
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile:  (202) 337-8090

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
***Lead Counsel for Plaintiffs***

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER FAUCHER and CAFFERTY
LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782–4485

*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION | ) ) ) ) |  |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | ) ) ) |  |
| Plaintiffs, | ) ) ) | No. 06-MC-00489 Judge Collen Kollar-Kotelly |
| v. | ) ) ) ) | No. 05 C 4681 (N.D. Ill.) Judge Ronald A. Guzman Magistrate Michael T. Mason |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' OPPOSITION
## TO CITADEL INVESTMENT GROUP, L.L.C.'S MOTION TO QUASH

Plaintiffs respectfully submit this opposition to the motion of Citadel Investment Group, L.L.C.'s ("Citadel") to quash plaintiffs' September 5, 2006, subpoena served upon the Commodity Futures Trading Commission (the "CFTC").

Citadel lacks standing to object to the relevance of plaintiffs September 5, 2006 subpoena to the CFTC (the "CFTC subpoena"). See Pt. I *infra*. Similarly, Citadel lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance obligations under the Commodity Exchange Act ("CEA*). Id.*

More fundamentally, Citadel's motion to quash the subpoena should be stayed pending the outcome of negotiations between plaintiffs and the CFTC on the scope of the subpoena. Plaintiffs have tentatively agreed that the CFTC may limit the subpoena to underlying

transaction, price and other fact data for the June 2005 U.S. Ten Year Treasury Note futures contracts (the "June 2005 contract") from March 1 through June 30, 2005, as well as documents reflecting conversations with defendants and their representatives. The foregoing material is highly relevant to numerous issues within plaintiffs' claims of manipulation. See Pt. II *infra*.

The Commissioners at the CFTC have not seen this proposed agreement and plaintiffs have not finalized their negotiation with the attorneys at the CFTC with whom plaintiffs have been having discussions. Nonetheless, plaintiffs understand that the CFTC is going to file a similar document requesting that activity on this motion to quash be stayed pending the CFTC's determination of its response to the subpoena.

Contrary to Citadel's claim that plaintiffs are trying to evade the jurisdiction of the Northern District of Illinois where the action is pending, plaintiffs originally issued the subpoena out of that Court. Only after objections from the CFTC and insistence by the CFTC that plaintiffs issue the subpoena out of this Court, did plaintiffs reluctantly decide to go to the expense and difficulty of issuing a subpoena here.[1] Some of the very same documents covered by plaintiffs' subpoenas have either been provided by subpoenaed non-parties in the Northern District of Illinois or are the subject of pending motions there. Thus, it is the insistence of the CFTC attorneys, not the preference (let alone end-run) of the plaintiffs, that brought this subpoena and any motions to quash same to this District.

---

[1] Also contrary to Citadel's argument, the September 11, 2006 ruling by Judge Magistrate Mason in the Northern District of Illinois is wholly irrelevant to plaintiffs' subpoena to the CFTC. Such ruling concerned a subpoena to a brokerage firm for the brokerage records of its customers. The brokerage firm owed a fiduciary duty to seek to maintain the confidentiality of such records. The sole relevance raised by plaintiffs was their supposition that that brokerage firm's customers had joined the manipulation. Such supposition is not offered as any of the five aspects of relevance for the documents sought here. See Pt. II *infra*.

Although Citadel concedes that is has no privilege, Citadel raises trade secret concerns. Assuming *arguendo* that statutorily required reporting constitutes a trade secret, production will be subject to a protective order.  Moreover, it will be further limited to experts' and attorneys' eyes only.   Thus, competitors of Citadel will not see the miniscule portion of the data relating to Citadel.

Accordingly, plaintiffs respectfully request that this Court deny or stay Citadel's motion to quash plaintiffs' subpoena issued to the CFTC.

## STATEMENT OF FACTS

Plaintiffs allege that the Pacific Investment Management Company ("PIMCO") defendants manipulated and aided and abetted the manipulation of prices of June 2005 Contract on the Chicago Board of Trade (the "CBOT"), and the cheapest-to-deliver U.S. Treasury Note underlying the June 2005 contract (the "February 2012 note"), in violation of Sections 9(a), 22(a) and 22(a)(1) of the CEA, 7 U.S.C. §§ 13(a), 25(a), and 25(a)(1).

On September 5, 2006 plaintiffs issued a subpoena to the CFTC requesting information relating, among other things, to the prices, trades and positions in the June 2005 contract and the February 2012 note, and conversations about such instruments during and before the time that the June 2005 Contract prices were allegedly manipulated.

## ARGUMENT

The Court should deny Citadel's motion to quash the CFTC subpoena because:   (1) Citadel lacks standing to object to the relevance of the CFTC subpoena and lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance responsibilities under the CEA; and (2) the requested material is highly relevant to numerous issues within plaintiffs'

claims of manipulation, and production would be subject to a protective order and, further, limited to attorneys' and experts' eyes only.

## I.    Citadel Does Not Have Standing to Object to the Relevance of the CFTC Subpoena Nor Does It Have the Authority to Object to the Subpoena on the Grounds of the CFTC's Market Surveillance Responsibilities Under the CEA

First, Citadel lacks standing to object to the subpoena on the grounds of relevance. Citadel cites *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329 (N.D. Cal. 1995) as support for the proposition that it has standing to object to the relevance of the CFTC subpoena.   Citadel Motion pp. 3-4.   However, the facts of *Compaq* are clearly distinguishable from the facts at issue before this Court.

The subpoenas at issue in *Compaq* were directed at the non-parties seeking to quash the subpoenas.  *Compaq*, 163 F.R.D. at 333.  In the instant case, Citadel is attempting to quash plaintiffs' subpoena directed to the CFTC.  Thus, the court's holding in *Compaq* that a non-party has standing to assert the subpoenaed information is irrelevant, is only applicable in cases where the subpoena seeking to be quashed was directed at the party objecting to the relevance of the subpoena.  Id. at 335-336.  Thus, as a threshold matter, Citadel has failed to establish that it has the requisite standing to challenge the CFTC subpoena on the grounds of relevance.[2]

Moreover, even if Citadel did have standing to object to the relevance of the CFTC subpoena, when relevance is in doubt, the Court should be "permissive*." See Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed.Cir. 1987) ("A district court whose only connection with a case is supervision of discovery ancillary to an action in another

---

[2]  *See* Citadel Motion pp. 3-4.  Citadel also cites to *Moore's Federal Practice* § 45.03[3] (3d Ed. 2006) for support that it has standing to object to the relevance of the CFTC subpoena. However, the quoted language makes no mention of relevancy as a ground that may entitle a third person to quash a subpoena.

district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder'.  Where relevance is in doubt . . . the court should be permissive.").

Second, Citadel lacks the authority to object to the subpoena on the grounds of the CFTC's market surveillance obligations under the CEA.  Citadel Motion pp. 4-5.   Unlike the CFTC, Citadel has no market surveillance obligations under the CEA and thus no authority to object to the subpoena on these grounds.    Potential objections on these grounds must be raised by the CFTC, not Citadel.  Thus, despite Citadel's claims to the contrary, it should make an important difference to the Court's analysis that plaintiffs' requests in the CFTC subpoena are directed at the CFTC and not Citadel.  Citadel Motion p. 4.  Accordingly, to the extent Citadel's attempts to assert purported CFTC claims on its own behalf, the Court should ignore Citadel's arguments.

**II.** **The Information Requested in the CFTC Subpoena is Highly Relevant to Numerous Issues Within Plaintiffs' Claims of Manipulation, And Its Production is Protected by a Protective Order And Will Be Further Limited To Attorneys And Experts**

The circumstances for enforcing subpoenas similar to plaintiffs' subpoena have been developed in various case, including the following four cases.

In *Friedman v. Bache Halsey Stuart Shields Inc.,* 738 F.2d 1336 (D.C.Cir. 1984)*,* the Court held that the CFTC had failed to demonstrate that it was entitled to any privilege even though the CFTC was in fact engaged in a five year long investigation that resulted in a complaint that various parties had manipulated silver futures contracts, *See In re Nelson Bunker Hunt,* CFTC Docket No. 85-12 (1985).  It is unclear that any CFTC investigation is on-going here.  If not, there is no investigative privilege.

In *Ross v. Bolton*, 106 F.R.D. 22, 24 (S.D.N.Y. 1985), the NASD was ordered to produce documents in its possession reflecting the underlying data and facts.  But the NASD did not have

to produce the deposition transcripts that its investigators had created nor its own analyses of the underlying facts and data. Here, the underlying data does not reflect any analysis by the CFTC, and does not represent any work product of CFTC investigators in conducting depositions, etc.

In *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 176 (2d Cir. 1979), the CFTC was ordered to answer questions at deposition for discovery purposes with their admissibility in the public record reserved for trial. As here, a confidentiality order governing discovery was in effect.

In *Apex Oil Company v. DiMauro*, 110 F.R.D. 490 (S.D.N.Y 1985), the documents sought were the files of a commodity exchange's internal investigation, not underlying transaction data. The only asserted relevance was to impeach the accuracy of other statements. *Apex Oil*, 110 F.R.D. 490, 497. Therefore, unlike here, a strong showing of investigative privilege was clearly established. Also unlike here, the need for "credibility checking" (rather than the extensive relevancy purposes established here) was not compelling.

In its motion, Citadel argues that the information plaintiffs seek concerning market participants in the CFTC subpoena is irrelevant to plaintiffs' claims. See Citadel Motion passim.

Information concerning large market participants and their positions is highly relevant to issues in class actions alleging manipulation. *See Frey v. Commodity Futures Trading Commission*, 931 F.2d 1171, 1175 (the role of market participants is of great significance in manipulation analysis). Preventing manipulation is the *raison d'etre* for the CEA. *Leist v. Simplot*, 638 F.2d 283, 322 (2d Cir. 1980), aff'd 102 S.Ct. 1825 (1982). Private litigation is a valuable supplement in enforcing the CEA, and further preventing and redressing manipulations. *Leist v. Simplot* at 321.

Here, the particular information sought is relevant in numerous ways. First, these documents will greatly assist in the identification of class members and the required sending of the class notice to class members. Second, these documents will aid plaintiffs' experts in the development and preparation of class-wide damage models. Third, the documents will help plaintiffs' experts prove the existence of manipulation by determining the concentration of the large traders within the market, changes in large trader market positions, times of trades, and many other matters relevant to proof of manipulation. Fourth, the documents will reflect communications, representations and statements to regulators by defendants and their representatives. Fifth, the information will provide prices and pricing data that is very relevant to plaintiffs' claims.

There is no mention of Citadel in almost all of the requested documents. Under plaintiffs' potential compromise with the CFTC, there will be no production of notes of Citadel's conversations with the CFTC (if any). Although an extremely miniscule portion of the documents will reflect Citadel's positions, there is, as Citadel itself points out, a protective order in place in this litigation. *See Friedman v. Bache Halsey Stuart Shields Inc.,* 738 F.2d 1336 (D.C.Cir. 1984) ("The courts can limit, and in actual practice do limit, the persons having access to information, their freedom to discuss the information to which they are given access, and the uses to which the information may be put. No great outcry has arisen that information thus restricted has been leaked, or put to improper uses, by attorneys who are sworn officers of the court.")

Finally, Citadel concedes that it has no privilege here. Although it claims trade secrets,

review of the CFTC documents will be limited to attorneys and experts, and the attorneys and experts are not competitors of Citadel. Therefore, the extremely miniscule portion of the production that relates to Citadel should be produced.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court deny Citadel's motion to quash the CFTC subpoena or stay consideration of same.

Respectfully submitted,

PLAINTIFFS BREAKWATER
TRADING LLC, and RICHARD
HERSHEY,

Dated:  November 20, 2006

_____/s/ Benjamin J. Weir_____
Benjamin J. Weir (D.D.C. 494045)
**FINKELSTEIN, THOMPSON
     & LOUGHRAN**
1050 30th St., NW
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
*Lead Counsel for Plaintiffs*

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER FAUCHER and CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880

Facsimile: (312) 782–4485
*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD**
**& SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

IN RE SUBPOENA ISSUED TO THE
COMMODITY FUTURES TRADING
COMMISSION
_____

Kohen, *et al.*,

                          Plaintiffs,

                 v.                                        Misc. No. 06-00489

Pacific Investment Management
Company, LLC and PIMCO Funds,

                          Defendants.           Judge Colleen Kollar-Kotelly

_____

## MOTION OF COMMODITY FUTURES TRADING COMMISSION FOR TEMPORARY STAY OF PROCEEDINGS RELATIVE TO THE <u>INSTANT DOCUMENT SUBPOENA TO THE COMMISSION</u>

In September 2006, plaintiffs in the civil litigation that is pending in the United States District Court for the Northern District of Illinois served a document subpoena on the Commission.[1]  The Chicago class action complaint alleges that Pacific Investment Management Company and a related entity manipulated the price of the June 2005 10-year Treasury Note futures contract traded on the Chicago Board of Trade.  For the reasons set forth below, the Commission requests a stay of this matter as it relates to the Commission until Wednesday, December 13, 2006.

_____

[1] *Kohen, et al. v. Pacific Investment Management Company, et al.,* No. 05-C-4681 (ND IL).

1

The subpoena to the Commission calls for two broad categories of information: 1) specific trading data regularly collected by the Commission from participants in the market and from the exchange for trading in the 10-Year Treasury Note, not just for June 2005 delivery but also including the March, September, and December 2005 delivery months;[2] and 2) non-formalized surveillance information, including the records of conversations or e-mails with futures and cash market participants, the exchange, and other federal agencies, collected by the Commission's staff as part of the Commission's monitoring of the trading in the futures contracts.

On November 7, 2006, Citadel Investment Group, LLC, filed a motion to quash the subpoena to the Commission. Citadel advised the Court that the subpoena to the Commission would entail disclosure of its "trading information, market position, and trading strategies." Citadel November 7 Motion to Quash at 3 [Docket No. 1]. On November 16, 2006, Ronin Capital, LLC, filed a similar motion to quash. It advised the Court that its positions had been reported to the Commission under the large trader reporting system (n. 2, *infra*) and objected to disclosure of this information pursuant to the subpoena. *See* Ronin November 16 Motion to Quash at 4 [Docket No. 2].

On November 20, 2006, the *Kohen* plaintiffs filed an opposition to the Citadel Motion to Quash. In that opposition, plaintiffs observed that there are current

---

[2] These reports include the so-called large trader reports required by 17 CFR Parts 15 and 17 with respect to traders who hold positions on any given day above reportable levels. The reporting level for the 10-Year Treasury Note during almost all of 2005 was 2000 contracts.

negotiations between Commission counsel and the plaintiffs on the scope of the
subpoena and that the parties' counsels have tentatively agreed to limit the
subpoena to data regarding the June 2005 contract alone.  The parties also have
tentatively agreed to reduce the scope of discovery of non-formalized surveillance
communications, *inter alia,* to exclude communications among government agencies
and communications with all but the PIMCO defendants in the underlying action.
*See* Plaintiffs' November 20 Opposition at 1-2 [Docket No. 3].

Plaintiffs also point out, and the Commission here emphasizes, that
negotiations are not entirely complete and that the Commission itself has not yet
had time to consider compliance with the subpoena in its proposed limited form
under the Commission's *Touhy*  regulations, 17 CFR Part 144.[3]

Moreover, the Commission advises the Court that on average for the period
March through June 2005 there were 280 reportable traders in the June 2005
futures contract at issue.  As required by Section 8(f) of the Commodity Exchange
Act, 7 U.S.C. §12(f), the Commission has sent notices of the subpoena to submitters
of data subject to the subpoena, including submitters of large trader reports.[4]
Based on conversations with representatives of futures market carrying brokers,
the Commission expects additional motions to quash to be filed with this Court in
the near future.

---

[3] *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

[4] The large trader reports are submitted by a trader's carrying broker, 17 CFR §
17.00, and, accordingly, the traders were not notified directly by the Commission
under 7 U.S.C. § 12(f).

In these circumstances, the Commission believes that proceedings on the subpoena should be stayed until the Commission itself has considered the subpoena as proposed to be modified.  The Commission can then advise the Court and the interested parties what its position is on the appropriate scope and details of production under the subpoena.  The Commission requests a stay until December 13, which will, in view of the Thanksgiving season, give the Commission time to finalize its position and to convey that decision to the Court and the interested parties by Wednesday, December 13, 2006.

## CONCLUSION

Accordingly, the Commission requests that this Court's proceedings be stayed until December 13, 2006, as set forth in the attached proposed order.

Respectfully submitted,

Glynn L. Mays, D.C. Bar # 184531
Senior Assistant General Counsel

/s/  Gloria P. Clement
Gloria P. Clement, D.C. Bar # 446163
Assistant General Counsel

COMMODITY FUTURES TRADING
COMMISSION
Office of the General Counsel
1155 21st Street, N.W.
Three Lafayette Centre
Washington, D.C.  20581
Telephone: (202) 418-5122
Facsimile: (202) 418-5424
E-mail:  gmays@cftc.gov; gclement@cftc.gov

Dated: November 22, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

IN RE SUBPOENA ISSUED TO THE
COMMODITY FUTURES TRADING
COMMISSION
_____

Kohen, *et al.*,

               Plaintiffs,

        v.                            Misc. No. 06-00489

Pacific Investment Management
Company, LLC and PIMCO Funds,

               Defendants.         Judge Colleen Kollar-Kotelly
_____

### [PROPOSED] ORDER

UPON CONSIDERATION of the Motion of Commodity Futures Trading

Commission for Temporary Stay of Proceedings Relative to the Instant Document

Subpoena to the Commission in the above-captioned matter, the record herein and

for good cause shown, it is hereby

ORDERED that these proceedings are stayed until the Commodity Futures

Trading Commission has filed a statement of its position with the Court, which is

due on or before December 13, 2006;

ENTERED this _____ of November _____, 2006.


_____

United States District Judge

# CERTIFICATE OF SERVICE

I, Gloria P. Clement, hereby certify that on November 22, 2006, I served a copy of the Motion of Commodity Futures Trading Commission for Temporary Stay of Proceedings Relative to the Instant Document Subpoena to the Commission by ECF, e-mail, or facsimile on the following persons:

William J. Nissen
Eric J. Grush
Jennifer Tan
**SIDLEY AUSTIN**
One Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: wnissen@sidley.com;
egrush@sidley.com; jtan@sidley.com

Counsel for PIMCO

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543
Telephone: (609) 620-3226
Facsimile: (609) 620-3259
E-mail: david.kotler@dechert.com

Counsel for PIMCO Funds

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: mmiller@millerfaucher.com;
afata@millerfaucher.com

Designated Local Counsel for Plaintiffs

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATEDS, LTD.**
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: nap@hannafanlaw.com;
bth@hannanfanlaw.com

Counsel for PIMCO Funds

Kevin King
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5749
Facsimile: (202) 282-5100
E-mail: kking@winston.com

Counsel for Citadel Investment Group, L.L.C.

Christopher Lovell
Gary S. Jacobson
Merrick S. Rayle
Craig Essenmacher
**LOVELL, STEWARD, HALEBIAN LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 718-4677
E-mail: msrayle@sbcglobal.net

Counsel for Plaintiffs

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York  10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-mail: lburke@lfblaw.com

Counsel for other Plaintiffs

Geoffrey Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, New York  10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-mail: ghorn@ldbs.com;
vbriganit@ldbs.com

Counsel for other Plaintiffs

Lee Ann Russo
Karey V. Skiermont
**JONES DAY**
77 West Wacker
Chicago, Illinois  60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
E-mail: larusso@jonesday.com;
kskiermont@jonesday.com

Counsel for Lehman Brothers, Inc.

Marshall E. Hanbury
Lisa A. Dunsky
**MAYER, BROWN, ROWE & MAW, LLP**
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8626
E-mail: mhanbury@mayerbrownrowe.com;
ldunsky@mayerbrownrowe.com

Counsel for Ronin Capital, LLC

/s/  Gloria P. Clement
Gloria P. Clement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITIES FUTURES TRADING COMMISSION | ) ) ) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) ) |
| v. | ) ) ) |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, | ) ) ) |
| Defendants. | ) ) |

No. 06-MC-00489
Judge Collen Kollar-Kotelly

### [PROPOSED] ORDER

UPON CONSIDERATION of Lehman Brothers, Inc.'s Objections in the above captioned matter, Plaintiffs' Response to Lehman's Objections, the record herein, and for good cause shown, it is hereby

ORDERED that Lehman's Objections the subpoena served on the United States Commodities Futures Trading Commission by Plaintiffs in <u>Hershey, et al. v. Pacific Investment Management Company LLC, et al.</u>, No. 05 C 4681 (N.D. Ill.) are OVERRULED.

ORDERED that these proceedings are stayed until the Commodity Futures Trading Commission has filed a statement of its position with the Court, which is due on or before December 13, 2006.

ENTERED this _____ day of December _____, 2006.

                                                                _____
                                                               Judge Collen Kollar-Kotelly

## <u>CERTIFICATE OF SERVICE BY ELECTRONIC MEANS</u>

I, Benjamin J. Weir, an attorney, hereby certify that on December 1, 2006, service of **Plaintiffs' Response to Lehman Brothers Inc.'s Objections to CFTC Subpoena** was accomplished pursuant to ECF as to Filing Users and served upon any Non-Filing Users by Electronic Mail.

William J. Nissen
Eric J. Grush
Jennifer Tan
**SIDLEY AUSTIN LLP**
One Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: wnissen@sidley.com; egrush@sidley.com; jtan@sidley.com

*Counsel for Defendant*
*Pacific Investment Management Company LLC*

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATES, LTD.**
One East Wacker Drive
Suite 1208
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: nap@hannafanlaw.com; mth@hannafanlaw.com

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543
Telephone: (609) 620-3226
Facsimile: (609) 620-3259
E-mail: david.kotler@dechert.com

*Counsel for Defendant PIMCO Funds*

Kevin King
**WINSTON & STRAWN LLP**
1700 K Steet, N.W.
Washington, D.C. 20006
Telephone:  (202) 282-5749
Facsimile:  (202) 282-5100
E-mail:  kking@winston.com

*Counsel for Citadel Investment Group, L.L.C.*

Glen Mays
Gloria P. Clement
**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5120
Facsimile:  (202) 418-5524

*Counsel for U.S. Commodity Futures Trading Commission*

R. Christopher Cook
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20002
Email:  christophercook@jonesday.com

Lee Ann Russo
Karey V. Skiermont
**JONES DAY**
77 West Wacker
Chicago, Illinois 60601
Email:  larusso@jonesday.com; kskiermont@jonesday.com

*Counsel for Lehman Brothers, Inc.*

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: mmiller@millerfaucher.com; afata@millerfaucher.com

*Designated Local Counsel for Plaintiffs*

Geoffrey Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-mail: ghorn@ldbs.com; vbriganti@ldbs.com

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-mail: lburke@lfblaw.com

*Counsel for other Plaintiffs*

/s/ Benjamin J. Weir
Benjamin J. Weir