IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION )))) | |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, )))) | |
| Plaintiffs, )) | No. 06-MC-00489 |
| )) | Judge Collen Kollar-Kotelly |
| v. ) | |
| )))) | No. 05 C 4681 (N.D. Ill.) Judge Ronald A. Guzman Magistrate Michael T. Mason |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, )))) | |
| Defendants. )) | |

**PLAINTIFFS' CONSOLIDATED OPPOSITION TO THE
MOTION TO QUASH BY THE CHICAGO BOARD OF TRADE AND
RESPONSE TO THE POSITION STATEMENT OF THE
<u>COMMODITY FUTURES TRADING COMMISSION</u>**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully (a) oppose the motion to quash of the Chicago Board of Trade ("CBOT"), and (b) respond to the position statement of the Commodity Futures Trading Commission ("CFTC").

The CBOT's motion should be denied because (1) the CBOT has already lost in opposing a production of large trader reports (<u>see</u> Order attached as Exhibit C to the CFTC's position statement dated December 13, 2006); and (2) the daily transaction log will be useful and relevant to plaintiffs in identifying class members, proving that class

members were damaged, and analyzing whether prices were artificial and, if so, by what amounts.

Notwithstanding the foregoing, plaintiffs have been negotiating with the CBOT and CFTC in order to limit the scope of plaintiffs' subpoena.

As a result of these negotiations, plaintiffs have agreed to limit the scope of their subpoena to large trader report forms for the period April 30 through July 6, 2005. See Ex. C to CFTC's Position Statement. Moreover, plaintiffs have agreed to drop 80 plus percent of their subpoena for the daily transaction log. Specifically, plaintiffs now seek solely June 2005 Ten Year United States Treasury Note futures contracts ("June Contract") transactions for the period from May 9 through June 21, 2005, i.e., to the trading during the Class Period. Finally, plaintiffs have agreed to "attorneys and experts eyes only" restrictions on the data.

## ARGUMENT

With respect to the large trader report forms, this Court is respectfully referred to plaintiffs' demonstration of relevance contained in plaintiffs' memorandum in opposition to Citadel Investment Group LLC's ("Citadel") motion to quash dated November 20, 2006 and the Order attached as Exhibit C to the CFTC's position statement dated December 13, 2006. In sum, plaintiffs seek strictly factual information that was legally required to be maintained and that is relevant to their claims. Production will promote the anti-manipulation purposes of the Commodity Exchange Act and not violate any privilege.

The CBOT raises no new arguments in its motion to quash. Accordingly, for the reasons that the CBOT's motion to quash was denied in the Northern District of Illinois

and for the reasons set forth in plaintiffs' opposition to Citadel's motion to quash, the CBOT's motion to quash should be denied to the extent it would prevent production of large trader report forms.

Separately, pursuant to this Court's stay, and continuing after such stay of all proceedings, plaintiffs have been continuing to negotiate with the CFTC and the CBOT in order to resolve these issues without the necessity of a court ruling. If these negotiations are unsuccessful, then the CBOT's motion to quash the large trader report forms should be denied for the following reasons reasons.

First, as now limited, plaintiffs' subpoena seeks information only in one contract for a period of seven weeks of futures trading.

This will show what the members of the class' positions were, what other market participants' positions were, and how these positions changed during the class period.

These facts are all relevant to the proof of plaintiffs' case, the identification of class members, and the determination, allocation and distribution of damages. See Exhibit C to CFTC Position Statement.

But these facts are not national defense secrets, self-critical examinations of government officials nor even explications of any individual trader's strategy, let alone any proprietary information.

In the later regard, contrary to the impression created by the CBOT, the CBOT has no obligation to obtain the consent of large traders before producing relevant documents.

Just the opposite, large traders **must** provide large trader report forms as a pre-condition to the privilege of holding large positions on the CBOT. Large traders have no expectation of control or privacy over these records insofar as the CBOT is concerned.

Nor, per force, do they have any propriety interest in the information reflected therein.

Further, the production does not show what a given class member or trader did in any of the scores of commodities or dozens of treasury futures contracts traded on U.S. commodity exchanges **except** for the June Contract.

Rather, the requested production relates to only **one** contract for only seven weeks of trading.

Moreover, since June 29, 2005, the CBOT Treasury futures contracts have been operating under new rules. Specifically, position limits are now in effect during the final month of trading. This changes everything about what a trader could now do during the last month of trading. Further, the position limit somewhat changes how traders should trade during the next to last month of trading because traders now have to reduce their positions (and expect the market to reduce its positions) much earlier.

Finally, class counsel is not seeking to learn nor can it divine any current trading strategies from what a particular trader did in one contract, when operating under different rules eighteen months ago.

Thus, contrary to the CFTC and the CBOT, the large trader report forms should be ordered to be produced for the June Contract only for the period April 30 through July 6, 2005.

4

Respectfully submitted,

PLAINTIFFS
BREAKWATER TRADING LLC, and RICHARD HERSHEY,

Dated:  December 28, 2006

/s/ Benjamin J. Weir
Benjamin J. Weir
**FINKELSTEIN, THOMPSON & LOUGHRAN**
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000
Email: bjw@ftllaw.com

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
*Lead Counsel for Plaintiffs*

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER  FAUCHER  and  CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782–4485
*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

5

          Louis F. Burke
          **LOUIS F. BURKE, P.C.**
          460 Park Avenue
          New York, New York 10022
          Telephone: (212) 682-1700
          Facsimile: (212) 808-4280
          *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Christopher M. McGrath, an attorney, hereby certify that on December 28, 2006, service of the **Plaintiffs' Consolidated Opposition to the Motion to Quash by the Chicago Board of Trade and Response to the Position Statement of the Commodity Futures Trading Commission** was accomplished by Electronic Mail on the following persons:

William J. Nissen
Eric J. Grush
Jennifer Tan
**SIDLEY AUSTIN LLP**
One Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: wnissen@sidley.com; egrush@sidley.com; jtan@sidley.com

*Counsel for Defendant*
*Pacific Investment Management Company LLC*

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATES, LTD.**
One East Wacker Drive
Suite 1208
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: nap@hannafanlaw.com; bth@hannafanlaw.com

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543
Telephone: (609) 620-3226
Facsimile: (609) 620-3259
E-mail: david.kotler@dechert.com

*Counsel for Defendant PIMCO Funds*

Benjamin J. Weir
**FINKELSTEIN, THOMPSON & LOUGHRAN**
1050 30th Street, NW
Washington, DC 20007

(202) 337-8000
Email: bjw@ftllaw.com

*Local Counsel for Plaintiffs*

David Sidney Krakoff
**MAYER, BROWN, ROWE & MAW, LLP**
1909 K Street, NW
Washington, DC 20006
(202) 263-3370
Fax: 202-263-5370
Email: dkrakoff@mayerbrownrowe.com

*Attorney for Ronin Capital LLC*

Kevin Martin King
**WINSTON & STRAWN LLP**
1700 K Street, NW
Washington, DC 20005-3502
(202) 282-5149
Fax: (202) 775-1168
Email: kking@winston.com

*Attorney for Citadel Investment Group LLC*

Gloria Peele Clement
**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581
(202) 418-5120
Fax: 202-418-5524
Email: gclement@cftc.gov

*Attorney for Commodity Futures Trading Comission*

Brian H. Corcoran
**KATTEN MUCHIN ROSENMAN LLP**
1025 Thomas Jefferson Street, NW
East Lobby: Suite 700
Washington, DC 20007-5201
(202)625-3500
Fax: (202) 298-7570
Email: brian.corcoran@kattenlaw.com

*Attorney for Chicago Board of Trade*

Thomas A. Davis
**DAVIS & HARMAN**
The Willard
1455 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20004
(202) 347-2230
Email:  TADAVIS@DAVIS-HARMAN.COM

*Attorney for Chicago Board of Trade*

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: mmiller@millerfaucher.com; afata@millerfaucher.com

*Designated Local Counsel for Plaintiffs*

Geoffrey Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-mail: ghorn@ldbs.com; vbriganti@ldbs.com

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-mail: lburke@lfblaw.com

*Counsel for other Plaintiffs*

                /s/ Christopher M. McGrath
                Christopher M. McGrath