IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION | ) ) ) ) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, | ) ) ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) ) ) ) |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, | ) ) ) |
| Defendants. | ) ) ) |

No. 06-MC-00489
Judge Collen Kollar-Kotelly

No. 05 C 4681 (N.D. Ill.)
Judge Ronald A. Guzman
Magistrate Michael T. Mason

## PLAINTIFFS' OPPOSITION TO THE MOTION TO QUASH BY THE CLEARING MEMBERS OF THE CHICAGO BOARD OF TRADE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully oppose the motion to quash by the clearing members of the Chicago Board of Trade ("clearing members").

The clearing members' motion should be denied because: (1) neither the clearing members nor customers have a proprietary interest in the statutorily required information sought, (2) production would nonetheless be subject to a protective order and an attorneys and experts eyes only restriction and (3) the information is useful and relevant to plaintiffs in identifying class members, proving that class members were damaged, including through analyses of whether prices were artificial and, if so, by what amounts.

Notwithstanding the foregoing, plaintiffs have been negotiating with the Commodity Futures Trading Commission ("CFTC") and the Chicago Board of Trade ("CBOT") in order to limit the scope of plaintiffs' subpoena.

So far, plaintiffs have agreed to limit the scope of their subpoena to large trader report forms for the period April 30, 2005, through July 6, 2005. See Exhibit C to CFTC's Position Statement dated December 13, 2006. Based on newly-received information, plaintiffs may be able to limit the subpoena to filings from May 6, 2006, until July 1, 2006. Moreover, as previously stated, plaintiffs have agreed to drop eighty plus percent of their subpoena for the daily transaction log. Specifically, plaintiffs now seek solely June 2005 Ten Year United States Treasury Note futures contracts ("June Contract") transactions for the period from May 9, 2005, through June 21, 2005, i.e., the trading during the Class Period.

Finally, once again, plaintiffs have agreed to "attorneys and experts eyes only" restrictions on the data.

## **ARGUMENT**

With respect to the large trader report forms, this Court is respectfully referred to plaintiffs' demonstration of relevance contained in plaintiffs' memorandum in opposition to Citadel Investment Group LLC's ("Citadel") motion to quash dated November 20, 2006, and the Order attached as Exhibit C to the CFTC's position statement dated December 13, 2006. In sum, plaintiffs seek strictly factual information that was legally required to be submitted and maintained and that is relevant to their claims. Production will promote the anti-manipulation purposes of the Commodity Exchange Act ("CEA") and not violate any privilege.

First, large trader reports do not constitute national defense secrets, self-critical examinations of government officials, or even explications of any individual trader's strategy.  They do not even constitute proprietary information.  Indeed, large traders have no expectation of control or privacy over their large trader report forms insofar as the CBOT is concerned. The clearing members simply do not have any proprietary interest in the information reflected therein.  Further, the production does not show what a given class member or trader did in any of the scores of commodities or dozens of Treasury Note futures contracts traded on U.S. commodity exchanges except for the June Contract. Indeed, the requested production relates to only one June 2005 futures contract for only the last seven weeks of trading in such contract and deliveries.

Second, even if the large trader reports contained confidential information, such information would not be disclosed to the public at large.  The clearing members rely on Section 8(a)(1) of the CEA; 7.U.S.C. Section 12(a) for the proposition that "both large trader reports and daily trading data are extremely sensitive and are ordinarily not disclosed by the CFTC."  <u>See</u> Clearing Member Motion to Quash dated December 14, 2006 at ¶5.

However, this district has held that the bar to production in Section 8(a) of the CEA does not apply to "discovery requests pursuant to rules 26 and 45" of the Federal Rules of Civil Procedure.  <u>Friedman v. Bache Halsey Shields, Inc.</u>, 738 F.2d 1336, 1343 (D.C. Cir. 1984).  The CFTC recognized the <u>Friedman</u> holding in its Position Statement. <u>See</u> CFTC Position Statement dated December 13, 2006, pp. 5-6.

Moreover, the protective order in this case and plaintiffs' agreement to limit access to attorneys and experts eyes only covers any truly proprietary or confidential

information.  The clearing members' analysis completely fails to take into consideration the protective order.  Regardless of why the protective order was not mentioned, its existence renders null the clearing members' claims that the large trader reports should not be produced because they are proprietary.

Third, large trader reports from May and June 2005 would not be useful to entities that desired to "reverse engineer" the trading strategies of clearing members.  Since June 29, 2005, the CBOT Treasury futures contracts operate under new rules that affect what happens during the last seven weeks of trading.  Specifically, position limits are now in effect during the final month of trading.  This changes everything about what a trader could now do during the last month of trading.  The position limit somewhat changes how traders should trade during the next to last month of trading (here, May 2005) because traders now have to reduce their positions (and expect the market to reduce its positions) much earlier.  Thus, class counsel is not seeking to learn nor can it divine any current trading strategies from what a particular trader did in one particular contract, when operating under different rules, eighteen months ago.

Finally, the clearing members' argument that plaintiffs cannot make a showing of need for trading information that precedes May 9, 2005, or that follows June 30, 2005, is moot with respect to daily trading data as plaintiffs have since agreed to limit their request to transactions in the June Contract for the period from May 9, 2005 through June 21, 2005, i.e., the trading during the Class Period.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the clearing members' motion to quash should be denied.

Respectfully submitted,

PLAINTIFFS
BREAKWATER TRADING
LLC, and RICHARD
HERSHEY,

Dated:  January 3, 2007

/s/ Benjamin J. Weir
Benjamin J. Weir
**FINKELSTEIN, THOMPSON &
LOUGHRAN**
1050 30th Street, NW
Washington, DC 20007
(202) 337-8000
Email: bjw@ftllaw.com

Christopher Lovell
Gary S. Jacobson
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN, LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
*Lead Counsel for Plaintiffs*

Marvin A. Miller
Jennifer W. Sprengel
Anthony F. Fata
**MILLER  FAUCHER  and  CAFFERTY
LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782–4485
*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD
& SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Benjamin J. Weir, an attorney, hereby certify that on January 3, 2007, service of preceding document was accomplished pursuant to ECF as to Filing Users and served upon any Non-Filing Users by Electronic Mail or Facsimile.

William J. Nissen
Eric J. Grush
Jennifer Tan
**SIDLEY AUSTIN LLP**
One Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail: wnissen@sidley.com; egrush@sidley.com; jtan@sidley.com

*Counsel for Defendant*
*Pacific Investment Management Company LLC*

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATES, LTD.**
One East Wacker Drive
Suite 1208
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220
E-mail: nap@hannafanlaw.com; mth@hannafanlaw.com

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, New Jersey 08543
Telephone: (609) 620-3226
Facsimile: (609) 620-3259
E-mail: david.kotler@dechert.com

*Counsel for Defendant PIMCO Funds*

David Sidney Krakoff
**MAYER, BROWN, ROWE & MAW, LLP**
1909 K Street, NW
Washington, DC 20006
(202) 263-3370
Fax: 202-263-5370

Email: dkrakoff@mayerbrownrowe.com

*Attorney for Ronin Capital LLC*

Kevin Martin King
**WINSTON & STRAWN LLP**
1700 K Street, NW
Washington, DC 20005-3502
(202) 282-5149
Fax: (202) 775-1168
Email: kking@winston.com

*Attorney for Citadel Investment Group LLC*

Gloria Peele Clement
**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581
(202) 418-5120
Fax: 202-418-5524
Email: gclement@cftc.gov

*Attorney for Commodity Futures Trading Commission*

Brian H. Corcoran
**KATTEN MUCHIN ROSENMAN LLP**
1025 Thomas Jefferson Street, NW
East Lobby: Suite 700
Washington, DC 20007-5201
(202)625-3500
Fax: (202) 298-7570
Email: brian.corcoran@kattenlaw.com

*Attorney for Chicago Board of Trade*

Thomas A. Davis
**DAVIS & HARMAN**
The Willard
1455 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20004
(202) 347-2230
Email:  TADAVIS@DAVIS-HARMAN.COM

*Attorney for Chicago Board of Trade*

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E-mail: mmiller@millerfaucher.com; afata@millerfaucher.com

*Designated Local Counsel for Plaintiffs*

Geoffrey Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
E-mail: ghorn@ldbs.com; vbriganti@ldbs.com

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-mail: lburke@lfblaw.com

*Counsel for other Plaintiffs*

/s/ Benjamin J. Weir
Benjamin J. Weir