**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE SUBPOENA TO THE COMMODITY FUTURES TRADING COMMISSION** ) ) ) ) ) ) | Misc. Case No. 1:06MS00489<br><br>Honorable Colleen Kollar-Kotelly |
| **JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY,**<br><br>     **Plaintiffs**<br><br>           v.<br><br>**PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, and JOHN DOES 1-100**<br><br>     **Defendants.** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**CHICAGO BOARD OF TRADE'S PARTIAL REINSTATEMENT
OF ITS MOTION TO QUASH**

The Board of Trade of the City of Chicago, Inc. ("CBOT®" or "Exchange"), a non-party, hereby partially reinstates its Motion to Quash, which the Exchange filed on December 6, 2006. In support thereof, the CBOT states as follows:

1.     On December 6, 2006, the Exchange filed its Motion to Quash the September 5, 2006 subpoena ("Subpoena") that was issued through this Court and served on the Commodity Futures Trading Commission ("Commission" or "CFTC") in connection with *Kohen, et al. v. Pacific Investment Management Company LLC, et al.*, No. 05 C 4681, pending in the U.S. District Court for the Northern District of Illinois, insofar as it sought production of certain information submitted to the Commission by the CBOT and

its clearing members. Specifically, the CBOT requested that the Court quash the Subpoena to the extent that it would require disclosure of large trader reports concerning U.S. Ten-Year Treasury Note futures contracts ("June 2005 contracts") and a daily transaction log of transactions in June 2005 contracts. The Plaintiffs have also referred to this document as a trade register.[1]

2.     The Plaintiffs had previously served two separate subpoenas on the CBOT requesting the same types of information to which the Exchange had also objected.

3.     On December 8, 2006, the Magistrate Judge in the Northern District of Illinois granted the Plaintiffs' Motion to Compel the Exchange to produce certain large trader reports. On December 18, 2006, the CBOT filed a Motion to Reconsider the Magistrate Judge's Order.

4.     On January 12, 2007, the Exchange reached an agreement with the Plaintiffs to produce certain more limited large trader information, mooting the Motion to Reconsider, which was subsequently withdrawn. Specifically, by a January 12, 2007 letter agreement, the Plaintiffs and the CBOT confirmed their

> . . . agreement regarding a resolution of all outstanding issues relating to the March 3, 2006 and August 9, 2006 subpoenas that plaintiffs served on the [CBOT] in the [*Kohen*] matter, *in addition to the outstanding issues relating to the September 5, 2006 subpoena that plaintiffs served on the Commodity Futures Trading Commission ("CFTC") to the extent that they concern large trader reports and a daily transaction log*. [Emphasis added].

---

[1] The Plaintiffs have used the terms "daily transaction log" and "trade register" interchangeably. "Daily transaction log" is not an official term used by the Exchange. "Trade register" is a term used by the Exchange to refer to a record created by the CBOT's Clearing Services Provider, which contains transaction data, but also contains pay/collect information reflecting margin or performance bond payments due to or from the clearinghouse with respect to each clearing firm. However, the CBOT understands the Plaintiffs' request for a daily transaction log or a trade register to relate to the voluminous transaction data that the Exchange maintains, and provides to the Commission, regarding each and every transaction executed on the CBOT each day.

5.    In light of the Plaintiffs' agreement with the CBOT that they were no longer seeking a daily transaction log or any additional large trader reports from the CFTC, the Exchange withdrew its Motion to Quash the Subpoena as moot.

6.    It has come to the attention of the CBOT that on March 9, 2006, the Plaintiffs requested a trade register, or daily transaction log, from the CFTC, contrary to their written agreement with the Exchange.  Specifically, the CBOT understands that the Plaintiffs have requested a trade register for the time period from May 9, 2005 through June 21, 2005, with market participant names redacted, while attempting to reserve a right to request a trade register for earlier dates, at a later time, if the Plaintiffs determine that they need it.  Because the Plaintiffs have renewed their previous request, the CBOT hereby reinstates its December 6, 2006 Motion to Quash the Subpoena insofar as it seeks a daily transaction log, for the reasons stated in that Motion.

7.    On December 13, 2006, the CFTC filed a Position Statement regarding the Plaintiffs' Subpoena.  With respect to a daily transaction log, the CFTC argued that, at a minimum, any production of such information should only be done with the identities of traders concealed and coded, and should be subject to a protective order limiting disclosure to attorneys and experts only.  According to the CFTC's Position Statement, the Plaintiffs had agreed to such a protective order, and had agreed that the identities of market participants, other than PIMCO, could be coded and masked.  At that time, the Plaintiffs were seeking a daily transaction log for the time period from March 1, 2005 to June 30, 2005.  The CFTC took the position that the Plaintiffs should be required to specify and justify a narrower time period, noting that ". . . the relevance of this enormous collection of data is not obvious, while the congressional determination that the

data is presumptively sensitive is manifest. *See* 7 U.S.C. §12(a)(1)." Commodity Futures Trading Commission's Position Statement at 11.

8.  On December 28, 2006, the Plaintiffs filed a Consolidated Opposition to the Motion to Quash by the Chicago Board of Trade and Response to the Position Statement of the Commodity Futures Trading Commission. Although in their Consolidated Opposition the Plaintiffs narrowed the time period of their request for a daily transaction log to May 9, 2005 through June 21, 2005, the only argument that Plaintiffs made with regard to why the daily transaction log should be produced was that it ". . . will be useful and relevant to plaintiffs in identifying class members, proving that class members were damaged, and analyzing whether prices were artificial and, if so, by what amounts." Plaintiffs' Consolidated Opposition at 1-2.

9.  These arguments are not convincing. The CBOT has already produced to the Plaintiffs the names and addresses of all large traders in the CBOT's June 2005 contract for the same May 9, 2005 through June 21, 2005 time period. Therefore, the Plaintiffs already have information identifying potential class members. On August 23, 2006, the Exchange also produced to the Plaintiffs the Exchange's Time and Sales Data for January 1, 2005 through September 30, 2005, reflecting all prices and price changes for the June 2005 contract during that time period. In addition, the CBOT identified for the Plaintiffs a number of types of historical market data that are available through the Exchange's website for a fee, including End of Day data, Liquidity Data Bank information, Market Profile data, and Volume at Price data. Thus, the Plaintiffs already have, or have access to, information regarding the minute-to-minute movement of prices in the June 2005 contract. Moreover, any need that the Plaintiffs may have for additional transaction

information for the purpose of determining damages due to any particular potential class member, and distributing any recovery, can be addressed if and when there is a finding of liability to the class.[2]  In short, the Plaintiffs have not made the showing of substantial need, at this time, for the confidential commercial information that is contained in the transaction log that is required under Rule 45(c)(3)(B) of the Federal Rules of Civil Procedure.

10.     The Court should not require the CFTC to produce the CBOT's daily transaction log to the Plaintiffs absent such a showing of substantial need.  However, if such a showing is made, any production of a daily transaction log should be subject to a protective order restricting this data to "attorneys and experts eyes only" and it should have market participants' identifying information coded and masked.

WHEREFORE, the CBOT hereby reinstates its December 6, 2006 Motion to Quash the subpoena issued to the CFTC insofar as it seeks a daily transaction log or a trade register.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Chicago Board of Trade | BOARD OF TRADE OF THE CITY |
| 141 West Jackson Boulevard | OF CHICAGO, INC. |
| 6th Floor, Legal Department |  |
| Chicago, Illinois 60604 | By: ____/s/_____ |
| Telephone: (312) 435-3757 | Anne Polaski |
| Facsimile: (312) 435-3623 |  |

---

[2] Of course, it would be far more efficient to request that class members submit documentation to support any claim that they may have to participate in the distribution of any damage award, rather than attempting to isolate and analyze every transaction executed on behalf of each class member as reflected in a comprehensive transaction log.  Indeed, it may be virtually impossible to do so, because the transaction log is based on account numbers, which may or may not be directly traceable to individual customers.  For example, certain account numbers may be for omnibus accounts which contain the transactions of multiple customers.

                                      ____/s/_____
                                      Thomas A. Davis
                                    DC Bar No. 40931
                                    Davis & Harman LLP
                                    The Willard
                                    1455 Pennsylvania Avenue, N.W.
                                    Suite 1200
                                    Washington, D.C. 20004

Dated: March 26, 2007

## **CERTIFICATE OF SERVICE**

I, Anne Polaski, an attorney for the Board of Trade of the City of Chicago, Inc., hereby certify that on March 26, 2007, I caused copies of the Chicago Board of Trade's Partial Reinstatement of its Motion to Quash to be served on the following individuals by Electronic Means:

    Marvin A. Miller
    mmiller@millerfaucher.com

    Christopher Lovell
    clovell@lshllp.com

    William J. Nissen
    wnissen@sidley.com

    Vincent Briganti
    vbriganti@ldbs.com

    Louis F. Burke
    lburke@lfblaw.com

    David Kotler
    david.kotler@dechert.com

    Blake T. Hannafan
    bth@hannafanlaw.com

    Benjamin J. Weir
    bjw@ftllaw.com

    Kevin M. King
    kking@winston.com

    David S. Krakoff
    dkrakoff@mayerbrownrowe.com

    Lee Ann Russo
    larusso@jonesday.com

    Gloria Clement
    gclement@cftc.gov

    Secretary of the Commodity Futures Trading Commission
    secretary@cftc.gov

                                          /s/
                                       Anne Polaski