IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA TO THE COMMODITY FUTURES TRADING COMMISSION | )<br>)<br>)<br>) |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, AND RICHARD HERSHEY<br><br>v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO FUNDS, AND JOHN DOES 1-100 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 06-MC-00489
Judge Colleen Kollar-Kotelly

No. 05 C 4681 (N.D. Ill.)
Judge Ronald A. Guzman
Magistrate Michael T. Mason

### NON-PARTY CITADEL INVESTMENT GROUP, L.L.C.'S
### NOTICE REGARDING ITS MOTION TO QUASH

Citadel Investment Group, L.L.C. ("Citadel"), by and through undersigned counsel, respectfully responds to the Court's Order, dated March 6, 2007, requesting notice regarding Citadel's Motion to Quash as follows:

1. Neither the Northern District of Illinois' December 8, 2006 Order in *Kohen, et al. v. Pacific Investment Management Company, LLC, et al.*, 05-C-4681 (N.D. Ill.), nor the Commodity Futures Trading Commission's ("CFTC's") December 13, 2006 Position Statement, have fully mooted Citadel's objections to the release of trade information and trader identities by the CFTC. Citadel's concerns relate to Plaintiffs' recent request for production from the CFTC of the "master trade register" for the June 2005 Ten Year Treasury Note futures contract for the period May 9, 2005 through June 21, 2005.

2. Citadel understands that discussions between Plaintiffs and the CFTC regarding the scope of the CFTC's proposed production have focused on three general categories of information: (1) surveillance communications; (2) large trader reports; and (3) daily transaction logs.

3. Plaintiffs have indicated in discussions with Citadel that they have agreed to limit their request for surveillance communications to those communications regarding the June 2005 Ten Year Treasury Note futures contract between CFTC employees and PIMCO representatives. These communications do not contain any information regarding Citadel. Accordingly, Citadel has no basis to object to production of this information by the CFTC.

4. Plaintiffs have also stated that their request for large trade reports has been satisfied by the Chicago Board of Trade's ("CBOT's") production and that they would not seek further large trader reports from the CFTC.

5. On March 9, 2007, however, Plaintiffs requested production of the "master trade register" from the CFTC for the June 2005 Ten Year Treasury Note futures contract for the period May 9, 2005 through June 21, 2005 and reserved rights to request earlier times if needed.[1] The master trade register requested by Plaintiffs contains a record of every trade made in the particular futures contract, including highly sensitive and proprietary information such as account numbers of market participants, prices, and the number of contracts involved in the transaction. As the CFTC observed in its Position Statement ". . . the congressional

---

[1] Plaintiffs' request is contrary to the reported negotiated resolution between the CBOT and Plaintiffs. The CBOT withdrew its Motion to Quash before this Court on January 18, 2007, stating in paragraph 3 of its withdrawal that it had reached agreement with Plaintiffs regarding the scope of the documents the CBOT would produce. Significantly, the CBOT stated in paragraph 4 of its motion, "This agreement will also satisfy the Plaintiffs' requests relating to the large trader reports and a daily transaction log in the subpoena issued to the Commodity Futures Trading Commission." Plaintiffs at no time contested the CBOT's representation before this Court. Accordingly, it had been Citadel's understanding that the CBOT production resolved Plaintiffs' request for transaction log and other trade information held by the CFTC and that there was a written agreement between the CBOT and Plaintiffs to this effect.

determination that the [daily transaction data] is presumptively sensitive is manifest." Commodity Futures Trading Commission's Position Statement ("CFTC Position Statement"), p.11 [Docket #13-1] (citing to 7 U.S.C. § 12(a)(1)). Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs are required to establish a substantial need justifying the production of master trade register information. Fed. R. Civ. Pro. 45(c)(3)(B)(i). To date, Plaintiffs have not made the required showing of a substantial need for the information.[2]

      6.      Plaintiffs' own filings do not assert a need for the requested information. Plaintiffs stated in their Consolidated Opposition that "the daily transaction log will be *useful and relevant* to plaintiffs in identifying class members, proving that class members were damaged, and analyzing whether prices were artificial and, if so, by what amounts." *See* Plaintiffs' Consolidated Opposition to the Motion to Quash by the Chicago Board of Trade and Response to the Position Statement of the Commodity Futures Trading Commission ("Plaintiffs' Consolidated Opposition"), pp. 1-2 [Docket #15] (emphasis added). Plaintiffs' stated rationales for requesting the daily transaction information do not constitute a need. First, with respect to class membership, Plaintiffs have other means of identifying potential class members that do not involve disclosure of non-party market participants' highly sensitive and proprietary information. The CBOT has already produced to Plaintiffs the names and addresses for all other traders with reportable positions during the period from May 9, 2005 through June 30, 2005. Second, with respect to proving damages and analyzing prices, the CBOT has already produced to Plaintiffs "time and sale data," which is publicly available and provides minute-by-minute sales and pricing data throughout the trading day. Moreover, Plaintiffs' expert reports have already been

---

[2] By letter dated March 14, 2007, Citadel requested that Plaintiffs explain, among other things, what information Plaintiffs seek from the CFTC, the purpose of the request, and the proposed use of the information. *See* Exhibit 1. Although this information is essential to Citadel's ability to evaluate Plaintiffs' request and take an informed position in discussions with Plaintiffs, Plaintiffs did not produce the requested information.

filed and thus the master trade register is unnecessary to any data analysis currently required by Plaintiffs' experts. Lastly, to the extent that Plaintiffs indicate a potential need for the master trade register data to rebut defendants' expert reports or to administer future damages to class members, Plaintiffs' request, and potential objections, should be stayed until the time the need for such information is actually triggered.

7. In the absence of an articulated need for the information requested, it is impossible to assess the scope of Plaintiffs' request and whether there are ways to more narrowly focus and refine the request to avoid unnecessary production of highly confidential information. As the CFTC noted in its Position Statement, "there are millions of transactions reflected in the daily transaction logs [i.e., the master trade register] for the June 2005 Ten Year Treasury Note futures contract during the period set by the [Subpoena]." *See* CFTC Position Statement, p.10 [Docket #13-1].

8. Citadel also has concerns regarding protections for any confidential or proprietary trade information released. Plaintiffs' Consolidated Opposition states that Plaintiffs have agreed to "attorneys and experts eyes only" restrictions on the production of large trader reports and daily transaction logs. *See* Plaintiffs' Consolidated Opposition, p.2 [Docket #15]. Citadel, however, has seen no writing to this effect. Citadel believes that, at a minimum, any trade information produced should be narrowly tailored with regards to time period, in a form that masks and codes the identities of market participants other than the defendants, and produced pursuant to a protective order that limits disclosure to attorneys and experts only.

9. Pursuant to the Court's March 6, 2007 Order, Citadel, Ronin Capital, LLC ("Ronin") and Lehman Brothers, Inc. ("Lehman") have engaged in discussions with Plaintiffs to determine whether Citadel's and Ronin's Motions to Quash and Lehman's Objections can be

4

resolved. Unfortunately, negotiations with Plaintiffs to date have not resolved Citadel's concerns regarding the release of highly sensitive and proprietary trading information.

10.   On March 14, 2007, Citadel sent a letter to Plaintiffs seeking clarification of Plaintiffs' Subpoena requests to the CFTC. *See* Exhibit 1. Rather than address Citadel's various questions and concerns, Plaintiffs' reply simply stated that Plaintiffs had requested the master trade register from the CFTC with market participant names redacted for May 9, 2005 through June 21, 2005 and reserved rights to request earlier times if needed. Exhibit 2.

11.   On March 19, 2007, Plaintiffs, Citadel, Ronin, Lehman and the CBOT engaged in a teleconference. Based upon the parties' discussion, Plaintiffs indicated that they would stipulate to the following: (1) Plaintiffs would accept from the CFTC only surveillance communications regarding the June 2005 Ten Year Treasury Note futures contract between CFTC personnel and PIMCO representatives, and would not compel CFTC communications with or regarding other third-party market participants; (2) Plaintiffs' requests relating to large trader reports have been resolved by the CBOT's production and further large trader reports would not be sought from the CFTC; and (3) Plaintiffs would reserve the right to request the master trade register with names redacted and for attorneys' eyes only from the CFTC if necessary in the future. Citadel, Ronin and Lehman, however, would be allowed to reinstate their Motions to Quash if it became necessary to do so.

12.   On March 21, 2007, however, Plaintiffs communicated to Citadel, Ronin and Lehman that they intended to pursue the master trade register from the CFTC immediately. Plaintiffs have not articulated why they have a substantial need for the master trade register at this time. Moreover, a March 21, 2007 email from Ronin, with copy to Citadel, Lehman and CBOT, requesting further discussions with Plaintiffs on this issue has gone unanswered.

13.  The information Plaintiffs seek in the form of the master trade register includes Citadel's confidential and proprietary information. Nevertheless, Plaintiffs have failed to make the requisite showing of a substantial need for the trade register information. Furthermore, Citadel believes that any production of trade information should be subject to procedural protections to ensure the security of highly sensitive information.

March 26, 2007

Respectfully submitted,

/s/ William M. Sullivan
_____
William M. Sullivan, Jr. (Bar No. 427269)
Kevin M. King (Bar No. 456841)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 282-5000
Fax: (202) 282-5100

*Counsel for Citadel Investment Group, L.L.C.*

## CERTIFICATE OF SERVICE

      I, Kevin M. King, one of the attorneys for Citadel Investment Group, L.L.C., hereby certify that on March 26, 2007 I caused a copy of Non-Party Citadel Investment Group, L.L.C.'s Notice Regarding Its Motion to Quash to be served via ECF or email on:

Gloria P. Clement, Esq.
**COMMODITY FUTURES TRADING COMMISSION**
1155 21st Street, N.W.
Three Lafayette Centre
Washington, D.C. 20581
E-mail: gclement@cftc.gov

David Kotler
**DECHERT LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Building 3, Suite 210
Lawrenceville, New Jersey 08648
E-mail: david.kotler@dechert.com

*Counsel for PIMCO Funds*

William J. Nissen
Eric J. Grush
**SIDLEY AUSTIN**
One Dearborn Street
Chicago, Illinois 60603
E-mail: wnissen@sidley.com;
egrush@sidley.com

*Counsel for PIMCO*

Michael T. Hannafan
**MICHAEL T. HANNAFAN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 1208
Chicago, Illinois 60601
E-mail: mtf@hannafanlaw.com

*Counsel for PIMCO Funds*

Marvin A. Miller
Anthony F. Fata
**MILLER FAUCHER AND CAFFERTY LLP**
30 North La Salle Street, Suite 3200
Chicago, Illinois 60602
E-mail: mmiller@millerfaucher.com;
afata@millerfaucher.com

*Designated Local Counsel for Plaintiffs*

Christopher Lovell
Gary S. Jacobson
Merrick S. Rayle
**LOVELL, STEWARD, HALEBIAN LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 718-4677
E-mail: msrayle@sbcglobal.net

*Counsel for Plaintiffs*

Louis F. Burke
**LOUIS F. BURKE, P.C.**
460 Park Avenue
New York, New York 10022
E-mail: lburke@lfblaw.com

Geoffrey Horn
Vince Briganit
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
One North Lexington Avenue, 11th Floor

*Counsel for other Plaintiffs*

Lee Ann Russo
**JONES DAY**
77 West Wacker
Chicago, Illinois 60601-1692
E-mail: larusso@jonesday.com

*Counsel for Lehman Brothers, Inc.*

White Plains, New York 10601
E-mail: ghorn@ldbs.com;
vbriganit@ldbs.com

*Counsel for other Plaintiffs*

Marshall E. Hanbury
Lisa A. Dunsky
**MAYER, BROWN, ROWE & MAW, LLP**
71 South Wacker Drive
Chicago, Illinois 60606
E-mail: mhanbury@mayerbrownrowe.com;
ldunsky@mayerbrownrowe.com

*Counsel for Ronin Capital, LLC*


/s/ Kevin M. King
Kevin M. King

2

# EXHIBIT 1

# WINSTON & STRAWN LLP

| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (202) 282-5100<br><br>www.winston.com | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

KEVIN M. KING
(202) 282-5749
kking@winston.com

March 14, 2007

**BY FEDERAL EXPRESS**

Christopher Lovell, Esq.
Lovell, Stewart, Halebian LLP
500 Fifth Avenue
New York, New York 10110

    Re:    Subpoena for Documents Issued by Plaintiffs in *Kohen, et. al. v. Pacific Investment Management Company LLC*, et al., 05-C-4681 (N.D.Ill.)

Dear Mr. Lovell:

    I am writing on behalf of our client, Citadel Investment Group, L.L.C. ("Citadel"), regarding the September 5, 2006 subpoena (the "Subpoena") for the production of documents issued by the Plaintiffs to the Commodity Futures Trading Commission ("CFTC") in the above captioned matter.

    As you are aware, the U.S. District Court for the District of Columbia issued an Order on March 6, 2007 requesting a status update by March 27, 2007 regarding Citadel's Motion to Quash. On March 6, 2007, I spoke with Christopher McGrath of your office who would only confirm that the Plaintiffs' discussions with the CFTC regarding the scope of the CFTC's production were ongoing.

    In order to comply with the Court's Order, Citadel requests that the Plaintiffs confirm the following:

1. Plaintiffs' requests relating to large trader reports and daily transaction logs held by the CFTC have been resolved by an agreement reached between the Plaintiffs and the Chicago Board of Trade ("CBOT") *(CBOT's Withdrawal of its Motion to Quash dated January 18, 2007, paragraph 4)*; and

2. Plaintiffs have agreed to accept from the CFTC only surveillance communications regarding the June 2005 Ten Year Treasury Note futures contract between CFTC

**WINSTON & STRAWN** LLP

Christopher Lovell, Esq.
March 14, 2007
Page 2

personnel and PIMCO representatives, and will not compel CFTC communications with or regarding other third-party market participants *(CFTC's Position Statement dated December 13, 2006, p. 5)*.

Furthermore, we understand that Plaintiffs recently renewed discussions with the CFTC regarding the Subpoena and have requested, or reserved the right to request, certain information. In order to respond to the Court's request, Citadel must understand the nature of those discussions and what information the Plaintiffs are now requesting or reserving the right to request -- including the scope of any request or reservation, the purpose of any such request or reservation, the time period covered by the request or reservation, and the proposed use of the information.

Lastly, Citadel requests a copy of any written agreement or understanding between the Plaintiffs and the CBOT concerning the scope of the CBOT's production and its impact on the CFTC's production, as well as any and all correspondence since March 1, 2007 between the Plaintiffs and the CFTC regarding the scope of the CFTC's production.

Please provide a written response by Tuesday, March 20, 2007. If you have any questions, please contact me at (202) 282-5749.

Sincerely,

Kevin M. King

cc: Gloria P. Clement, Esq.
Anne Polaski, Esq.
Lee Ann Russo, Esq.
Lisa A. Dunsky, Esq.

# EXHIBIT 2

## King, Kevin

| | |
|---|---|
| **From:** | Christopher McGrath [cmcgrath@lshllp.com] |
| **Sent:** | Wednesday, March 14, 2007 1:11 PM |
| **To:** | King, Kevin; larusso@jonesday.com; ldunsky@mayerbrownrowe.com |
| **Subject:** | Kohen v. PIMCO |

Counsel:

This e-mail follows your inquires regarding the status of plaintiffs' subpoena to the CFTC.

On March 9, 2007, plaintiffs requested the master trade register from CFTC with market participant names redacted. We have requested this data for the time period May 9, 2005 through June 21, 2005 (inclusive) and reserved our rights to request earlier times if we need them.

Regards,

Christopher M. McGrath
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue
New York, New York 10110
T: (212) 608-1900
F: (212) 719-4677

**PRIVILEGED AND CONFIDENTIAL-** The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.