IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITY FUTURES TRADING COMMISSION ) ) ) ) | |
| BREAKWATER TRADING LLC, ) and RICHARD HERSHEY, ) ) Plaintiffs, ) ) v. ) ) ) ) ) PACIFIC INVESTMENT MANAGEMENT ) COMPANY LLC, and PIMCO FUNDS, ) ) Defendants. ) ) | No. 06-MC-00489 Judge Collen Kollar-Kotelly  No. 05 C 4681 (N.D. Ill.) Judge Ronald A. Guzman Magistrate Michael T. Mason |

**PLAINTIFFS' RESPONSE TO THE NOTICES OF THIRD PARTY OBJECTORS
RONIN CAPTIAL, CITADEL, AND LEHMAN BROTHERS
AND CONTINUED REQUEST FOR THE DAILY TRADE REGISTER**

Plaintiffs respectfully supplement their submissions and further limit their subpoena as follows.

**I. Background**

Pursuant to this Court's Order of March 6, 2007, non-parties Ronin Capital, Citadel, and Lehman Brothers submitted Notices with respect to their Motions to Quash the subpoena issued by Plaintiffs to the Commodity Futures Trading Commission ("CFTC") in the above captioned action.

The Order directed non-party objectors to (1) provide the Court with notice as to whether the ruling issued by Magistrate Michael T. Mason in the Northern District of Illinois directing the Chicago Board of Trade ("CBOT") to produce certain documents

moots the issues raised by the non-party objectors' motions to quash, and (2) to the extent that the non-party objectors continue to have concerns regarding the subpoena, they should engage in discussions with Plaintiffs to determine whether additional protections can be devised so as to resolve the motions to quash through negotiation rather than litigation.

Plaintiffs have reached agreement with the objecting parties on two of the three remaining issues before the Court. Specifically, Plaintiffs have agreed to withdraw their requests for large trader reports and have reached an agreement with the CFTC regarding the production of its communications with PIMCO.

## II. The CFTC Should Be Directed To Produce The Daily Trade Register

Thus, the only outstanding, disputed issue for resolution by this Court is Plaintiffs' request regarding the daily trade register in the CFTC's possession. The daily trade register contains daily transaction data of market participants concerning June 2005 futures contracts containing intraday time and sales data.

This data is directly relevant, important and should be ordered to be produced. Plaintiffs allege that defendants artificially inflated the prices of June 2005 Ten Year Treasury note futures contracts ("June contracts") between May 9 and June 21, 2005.

Plaintiffs' experts have now managed to calculate the amount of artificial impact on prices caused by defendants in amounts that **vary within** the trading day. (To Class counsel's knowledge, this is the first case in which this has been done.)

Many times, the trade reports to a customer show the date but not the time of day of the transaction.

One important reason that the daily trade register encompasses all intraday transactions, including the date, time, broker and account numbers, is to permit an "audit trail" to enable public customers to establish when they transacted and whether they were disadvantaged.

The production of the daily trade register will provide precisely this benefit to plaintiffs and class members because it will enable them to show the exact time they transacted. Thereby, it will allow direct evidence of the precise impact that defendants had on each class member's transactions.

Impact and damages are relevant and necessary elements of the manipulation claims. See Minpeco, S.A. v. Hunt, 718 F. Supp. 168, 173-174 (S.D.N.Y. 1989) (plaintiffs must prove that defendants conduct was a proximate cause of their injury).

Therefore, the daily trade register is clearly relevant and should be produced.

### III. There Is No Privilege Here

The CBOT, CFTC, and the non-party objectors have all conceded that the CBOT's trade register is not subject to investigative privilege (or any other privilege). See CBOT's Partial Reinstatement of its Motion to Quash passim; CFTC's Position Statement pp. 9-11; Ronin Capital's Notice regarding its Motion to Quash passim; Citadel's Notice regarding its Motion to Quash passim; Lehman Brothers' Notice regarding its Motion to Quash passim.

The CFTC has agreed to produce the daily trade register subject to further limitations. See December 13, 2006 CFTC Statement p.11.

Indeed, the case law is clear that underlying data absent any regulatory analyses is not privileged material. See Friedman v. Bache Halsey Stuart Shields Inc., 738 F.2d

3

1336 (D.C. Cir. 1984) (the court held that the CFTC had failed to demonstrate that it was entitled to any privilege even though the CFTC was engaged in a five year long investigation); Ross v. Bolton, 106 F.R.D. 22, 24 (S.D.N.Y. 1985) (NASD ordered to produce documents in its possession reflecting underlying data and facts).

Thus, the production of the CBOT's trade register will promote the anti-manipulation purposes of the Commodity Exchange Act ("CEA") and not violate any privilege.  See Leist v. Simplot, 638 F.2d 283, 322 (2d Cir. 1980), aff'd 102 S.Ct. 1825 (1982) (preventing manipulation is the *raison d'etre* for the CEA).

Nonetheless, plaintiffs have voluntarily narrowed the original request in their subpoena to include only those days during the proposed class period (i.e., May 9, 2005 through June 21, 2005 inclusive).

Moreover, to the extent that third parties Ronin Capital, Citadel, and Lehman Brothers continue to object, Plaintiffs are willing to forgo production of their transactions.

Additionally, to the extent practical, Plaintiffs are also willing to permit the CFTC (or CBOT) to exclude from the production the transactions of market participants who were long the June 2005 contract and, therefore, not part of the proposed class.

And production of names of customers may be deleted.  Finally, the production will be subject to a confidentiality order limited to counsel or to counsel and experts.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the CFTC be ordered to produce the trade register for the period May 9, 2005 through June 21, 2005 inclusive.

Respectfully submitted,

**BREAKWATER TRADING LLC, and RICHARD HERSHEY**

Dated: April 3, 2007

By: s/ Benjamin J. Weir
Benjamin J. Weir
**FINKELSTEIN THOMPSON LLP**
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

Christopher Lovell
Craig Essenmacher
Christopher M. McGrath
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
*Lead Counsel for Plaintiffs*

Marvin A. Miller
Lori A. Fanning
**MILLER LAW LLC**
101 North Wacker Drive, Suite 2010
Chicago, Illinois 60606
Telephone: (312) 525-8316
*Designated Local Counsel for Plaintiffs*

Geoffrey M. Horn
Vince Briganti
**LOWEY DANNENBERG BEMPORAD & SELINGER, P.C.**
The Gateway
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035


Louis F. Burke
**LOUIS F. BURKE, P.C.**

5

           460 Park Avenue
           New York, New York 10022
           Telephone: (212) 682-1700
           Facsimile: (212) 808-4280
           ***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

  I, Benjamin J. Weir, one of the attorneys for Plaintiffs, hereby certify that on April 3, 2007, service of the foregoing was accomplished pursuant to ECF as to Filing Users and via electronic service as to any party who is not represented by a Filing user.

Dated: April 3, 2007      By: s/  Benjamin J. Weir
                 Benjamin J. Weir
                 **FINKELSTEIN THOMPSON LLP**
                 1050 30th Street NW
                 Washington, DC 20007
                 Telephone:  (202) 337-8000
                 Facsimile:  (202) 337-8090

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO THE COMMODITIES FUTURES TRADING COMMISSION )))) | |
| JOSEF A. KOHEN, BREAKWATER TRADING LLC, and RICHARD HERSHEY, ))) | |
| Plaintiffs, )) | No. 06-MC-00489 |
| )) | Judge Collen Kollar-Kotelly |
| v. ))) | |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, and PIMCO FUNDS, ))) | |
| Defendants. )) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiffs' Response to the Notices of Third Party Objectors Ronin Capital, Citadel, and Lehman Brothers and Continued Request for the Daily Trade Register in the above captioned matter, the record herein, and for good cause shown, it is hereby

ORDERED that the Commodity Futures Trading Commission ("CFTC") be ordered to produce the daily trade register for transactions in the June 2005 ten year U.S. Treasury note futures contract for the period May 9, 2005 through June 21, 2005 inclusive subject to the following limitations:

1. The transactions of non-party objectors Ronin Capital, Citadel, and Lehman Brothers need not be produced;

2.  To the extent practical, the CFTC (or Chicago Board of Trade) may exclude from production the transactions of market participants who were long the June 2005 contract and, therefore, not part of the proposed class;

3.  Names of customers may be redacted; and

4.  Production will be subject to a confidentiality order limited to counsel or to counsel and experts.

ENTERED this _____ day of April _____, 2007.

                                                        _____
                                                        Judge Collen Kollar-Kotelly